# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAUDIA FABIANI, an individual on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ORECK CORPORATION,<br><br>Defendant. | Case No.: C 05 02140 JSW<br><br>**NOTICE TO CLASS MEMBERS OF PROPOSED SETTLEMENT** |

To: ***California residents who, between May 25, 2004, and May 25, 2005, received a collection letter from Oreck Corporation or "Security Center Collection Services" similar to the attached letter.***

You are notified, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that a hearing will be held on May 12, 2006 at 9:00 a.m. before the Honorable Jeffrey S. White, Judge of the United States District Court for the Northern District of California, San Francisco Division, in Courtroom No. 2, 17th Floor of the United States Court House, at 450 Golden Gate Avenue, San Francisco, California.

The hearing was scheduled by order of the court dated January 25, 2006. The purpose of the hearing is to determine whether a settlement agreed to by the parties in the above-referenced suit is fair, reasonable, and adequate, and should be approved by the court.

You have been identified as a member of the class of persons designated above. If so, your rights may be affected by the settlement of this action. The giving of this notice is not to be understood as expressing any opinion by the court as to the merits of any of the claims or defenses asserted by any party, and is for the sole purpose of informing all the class members as defined below, of the proposed settlement, so that individual class members may make whatever decisions they may deem appropriate for the protection of their interests.

## HISTORY OF THE LITIGATION

This litigation was begun on May 25, 2005, by the filing of a complaint in this court by the plaintiff, Claudia Fabiani. She claims to be a representative of a class of "(i) all persons with mailing addresses in the State of California (ii) to whom letters were sent by defendant in the form represented by Exhibit A in an attempt to collect a debt arising out of a transaction in which the goods or services subject of the transaction were primarily used for personal, family, or household purposes (iii) sent on or after a date one year prior to the filing of this action (iv) which letters were not returned undelivered by the United States Postal Service." A form of the letter in question is attached hereto. The complaint alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, which prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices. The plaintiff's claims under the FDCPA arise from the attached standard form debt collection letter that she received from Oreck Corporation ("Oreck"). She claims that the letter violated the FDCPA in that: (a) in the process of collecting its own defaulted consumer debts, Oreck falsely used a name "Security Center Collection Services" other than its own, which indicated that a third person was collecting or attempting to collect its debt; (b) in its letter, Oreck falsely represented that the plaintiff had waived her rights under the FDCPA, and (c) Oreck improperly stated in its collection letter that if litigation was necessary, attorney's fees might be added to the claim.

Oreck has answered Fabiani's complaint and has denied each of the foregoing allegations in their entirety. Oreck has further denied that the members of the alleged class are entitled to any statutory damages. Oreck has also raised the affirmative defense that it is entitled to "offset" the amount of that person's debt to Oreck against the individual claim of any class member.

No court has yet passed on the merits of either plaintiff's claim or defendant's defenses.

This court, by order entered on January 25, 2006, determined that a class should be preliminarily certified for purposes of this proposed settlement under Rule 23(b)(3) of the Federal Rules of Civil Procedure. It further ordered that notice of that determination should be given to members of the class. From Oreck's records, it has been determined that you received a copy of the attached letter during the relevant time period and are therefore a member of the settlement class.

The parties, through their counsel, have engaged in extensive discovery and have determined that settlement is in their best interest. They believe that the proposed settlement is fair, reasonable, and adequate and beneficial to class members and should be approved.

**PROPOSED SETTLEMENT OF CLASS ACTION**

The terms of the proposed settlement are set forth in a Memorandum of Settlement, executed by the parties and their counsel on November 10, 2005, following court-ordered mediation. In summary, the proposed settlement contains the following terms:

- Plaintiff, as representative of the class, shall receive $3,000 in full settlement and satisfaction of her individual claims pursuant to 15 U.S.C. 1692k(a)(2)(B)(i), and as compensation for her services rendered to the class, as well as the forgiveness of her alleged debt to Oreck Corporation;

- Oreck Corporation shall fully, finally, and completely forgive the debt of each class member that was the subject of the allegedly offensive letter. The debts owed by such class members total approximately $45,000.

- Oreck shall fund all administration expenses related to the settlement, including the costs required to provide notice of the settlement to the class;

- Oreck shall pay $15,000 to satisfy plaintiff's reasonable attorney's fees incurred in connection with this suit, subject to approval by the Court;

- Oreck shall pay the plaintiff's court costs.

- Oreck shall change the form of its collection letter to eliminate any implication that "Security Center Collection Services" is a third party that is not a part of Oreck Corporation, and it shall also eliminate any language to the effect that the debtor has "waived" any rights under the FDCPA.

- Oreck agrees that it will not report any delinquency of any class member for the amount of the debt released herein to any credit agency.

On approval of the settlement by the court, final judgments of dismissal will be entered, with prejudice, and plaintiffs, and all class members who have not timely excluded themselves from this action, will be conclusively bound by the dismissal.

**RIGHT OF CLASS MEMBERS TO OPT OUT**

The Court will exclude any member of the class to whom this notice is addressed on the written request for such exclusion by such person. A written notice in the form attached hereto shall be addressed as shown and postmarked on or before April 21, 2006. Persons who request such exclusion will not be entitled to participate in the settlement and will not be bound by any judgments rendered in this suit. All requests for exclusion should be filed with the Court by first class mail or delivered to the Clerk of Court, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102. All class members who do not choose to exclude themselves from these proceedings, (i.e., "opt out") within the time specified above will automatically be included in this action for purposes of the proposed settlement.

**PROCEDURE FOR PRESENTING OBJECTIONS**

Any member of the class who has not elected to be excluded from this action may appear and show cause at the hearing why the proposed settlement should not be approved by the court as fair, reasonable, and adequate, and why this action should not be dismissed on the merits, with prejudice. No such person shall be heard, and no papers or briefs shall be submitted by him or her to the court, unless he or she files a notice of intention to appear and a statement of the basis of his or her objections. These written notices must be filed with the Clerk of Court at least 21 days prior to the hearing. They must also be served by first class mail on counsel for the parties, whose names and addresses are shown below:

> Irving L. Berg, Esq.
> The Berg Law Group
> 433 Town Center, No. 493
> Corte Madera, California 94925
> Attorney for Plaintiff and Class
>
> Frederick W. Bradley, Esq.
> Oreck, Bradley, Crighton, Adams & Chase
> 1100 Poydras Street, Suite 1480
> New Orleans, Louisiana 70163
> Attorneys for Oreck Corporation

Attendance at the hearing is not necessary. Class members who support the proposed settlement do not need to appear at the hearing or take any other action to indicate their approval. Objections filed and served in accordance with the above procedure will be considered by the court whether or not the objecting class member appears personally or by counsel at the hearing to argue them.

**EXAMINATION OF PLEADINGS AND PAPERS**

The references in this notice to the court pleadings are only summaries of those documents. The complete texts are on file with the clerk of the court, at the address of the court stated above, and are available for inspection there. Copies of documents produced during discovery proceedings, and not on file with the clerk of the court, will be available for inspection by any class member not excluded from this action and his or her attorney at the offices of counsel for each of the parties during regular business hours.

**PROOF OF CLAIM**

You need not take any action to remain a member of the class or to obtain the above-described benefits of the settlement, namely, the release by Oreck of the value of its claim against you for the price of goods purchased by you. If the settlement is approved, and if you do not choose to exclude yourself from the class, the debt to Oreck that was the subject of the collection letter your received will be fully discharged and released.

THELEN REID
& PRIEST LLP
ATTORNEYS AT LAW

LA #381754 v1

-4-

Case No.: C 05 02140 JSW
NOTICE TO CLASS MEMBERS OF PROPOSED SETTLEMENT

**SUBSEQUENT HEARINGS**

At the hearing on the proposed settlement set for May 12, 2006, the court may schedule such further hearings as it may deem necessary without the necessity of further notice to the class.

All inquiries regarding this matter should be addressed in writing to Class Counsel at the addresses shown below. Please allow at least 10 days for a response.

> Irving L. Berg, Esq.
> The Berg Law Group
> 433 Town Center, No. 493
> Corte Madera, California 94925
> Attorney for Plaintiff and Class

The Clerk of Court will file any Notices of Election to Opt-Out received. Otherwise, the Court is not equipped to answer any inquiries regarding this matter.

PLEASE DO NOT CALL OR WRITE TO THE COURT OR THE CLERK OF THE COURT FOR INFORMATION ABOUT THIS CASE. ADDRESS ALL INQUIRIES IN WRITING TO THE ATTORNEYS FOR THE CLASS SET FORTH ABOVE.

Dated: __February 8, 2006__          _____/s/ Jeffrey S. White_____
                                     THE HONORABLE JEFFREY S. WHITE
                                     UNITED STATES DISTRICT JUDGE